Mr. Justice Merrick
delivered tbe opinion of tbe court:
Tbe case of Kirk vs. Commissioner of Patents et al. bas been submitted upon briefs upon a demurrer to tbe bill, certified from tbe special term to be beard bere in tbe first instance.
Tbe bill was filed against tbe Commissioner of Patents *230 and the Secretary of the Interior for the purpose of obtaining a patent for certain claimed improvements in an invention, alleged to have been made by one Samuel Strong, the complainant’s assignor, which patent had been refused by the Commissioner of Patents in the year 1874, and finally refused, as it appears, in the year 1875. It was an ex parte application, and, at various intervals from that time down to the year 1885, there were irregular applications to successive Commissioners to review the action of the preceding Commissioner, and finally there was another application of the same sort made by Samuel Strong in the year 1885, which application is upon its face said to be made “continuous.” What the meaning of that is, it is difficult to understand. But however that may be, the impediments that are in the way of the complainant for relief, in the mode he has chosen, are insurmountable.
In the first place, it is quite apparent that, according to the schemes of the patent law, there are two classes of cases, to which different remedies are applicable, so far as the final action of the Commissioner is concerned. They are, first, the “ cases of interference,” where the action of the Commissioner is final; and second, the cases of ex parte applications, where his action is not final, but where an appeal lies to the Supreme Bench of the District of Columbia, by virtue of section 4911, Devised Statutes. After these respetive remedies have been exhausted, the patent law, in its supreme indulgence to the claims of inventors, by section 4915, of the Devised Statutes, allows a further proceeding by way of bill in equity. Now, it is manifest, upon the reading of the entire statute, and especially section 4915, which thus gives further redress, that the party must have exhausted, before he applies for that ultimate redress, each of the successive stages for the perfection of his application which are provided by law. So far as the interference is concerned, the previous stages have been exhausted by the final refusal of the Commissioner ; but so far as the ex parte, application is concerned, bis redress is not exhausted until after he has taken an appeal from the decision of the Com *231 missioner. Then only arises to him the right, which has arisen already in the interference case upon the decision of the Commitsioner, to apply to a court of equity for relief by an original bill, according to the terms of the said section.
Now, in this particular case, Strong’s application, which was filed in 1814, was refused as far back as 1815 — definitively refused. He did not appeal to the Supreme Court of the District of Columbia, sitting in banc; neither has he appealed to that tribunal from any of the successive refusals of the disconnected applications which he afterwards made. Plis assignee, therefore, stands without remedy for the grievance of which he complains by his bill in equity.
But further than this, he is entirely without any claim of redress, for the reason that there was a definitive refusal of the application by the Commissioner of Patents, as far back as 1815. It was clearly his duty, or that of his assignor, within the terms of the patent law, to have taken some one of those steps which the law provides for him to take, within two years thereafter; otherwise his application must be construed to have been abandoned under section 4394, Revised Statutes, which is in these words:
“All applications for patents shall be completed and prepared for examination within two years after the filing of the application; and in default thereof, or upon failure of the the applicant to prosecute the same within two years after any action therein, of which notice shall have been given to the applicant, they shall be regarded as abandoned by the parties thereto, unless it be shown to the satisfaction of the Commissioner of Patents that such delay was unavoidable.”
Now we construe the definitive refusal of the Commissioner of Patents, as far back as 1814 or 1815, to be the final action of'the Patent Office ; and these subsequent irregular proceedings which have been taken from time to time, crowned by the application of 1885, which is said in the peculiar phraseolog'y of the bill to be a “continuous” application, are not actions taken in the Patent Office or in the court in the sense of the section to which I have adverted. *232 The action designated there must be some legal action, some proper and appropriate action within the terms of the law for the preservation, maintenance and obtention of the right. Now here, after the definitive action of 1875, there have been from time to time certain irregular, illegal and unlicensed forms of application for the reversal of that action before the Commissioner of Patents, bringing the matter down to the year 1885 — almost the entire period for which the party would have been entitled to a patent exhausted — and yet the assignee wants now, by application of the remedy by bill in equity, to revive, and have efficacy given to, this patent application, as far back as the year 1877. The court is of opinion that there is nothing in the law, there is nothing in the policy of the law, there is nothing in the principles of justice, which would justify any such application of the provisions of section 4915.
There are other objections to the bill raised by the demurrer concerning certain matters of form which need not be adverted to further than to notice one; that is, that in no predicament (were the complainant properly in court by bill in equity to press his demand) would it be proper to make the Secretary of the Interior a party to such a bill. It has long since been adjudicated — and the recent decision in Hoe vs. Butterworth, 3 Mackey, 229, touched emphatically on that subject — that the Secretary of the Interior has nothing whatsoever to do with the granting or refusal of a patent. While he is the presiding officer over the discipline of the Patent Office, he has no judicial function, so to speak, with regard to the granting of a patent. That belongs to the Commissioner of Patents. There is no appeal to the Secretary of the Interior in that regard ; and therefore, he having no control over the granting of a patent, further than to have his name affixed to the letters-patent, as a matter of form, he is, in no sense, by proper form ©f proceeding, a party to such a bill in equity.
The demurrer must be sustained and the bill dismissed with costs.